# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**WILLIAM COLLINS,**

      **Plaintiff,**

   **v.**

**TRANS UNION LLC,**[1]

      **Defendant.**

**Case No. 1:24-cv-653**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## OPINION AND ORDER

Plaintiff William Collins, proceeding pro se, sued Defendant Trans Union LLC in the Court of Common Pleas for Hamilton County, Ohio. (Compl., Doc. 1-2, #7).[2] Specifically, Collins alleged that Trans Union violated the Fair Credit Reporting Act (FCRA) because it failed to correct information on Collins' credit report. (*Id.* at #9). Trans Union removed the case to this Court. (Notice of Removal, Doc. 1, #1). On September 5, 2025, Trans Union moved for summary judgment. (Doc. 13). When Collins did not respond within the appropriate time, the assigned Magistrate Judge entered a show cause order requiring him to do so, and advised Collins that failure to respond by October 21, 2025, would result in the Court treating Trans Union's summary judgment motion as unopposed. (Doc. 14). That date has since come and

---

[1] The docket lists Defendant's name as Transunion LLC, but all of Defendant's filings list its name as Trans Union LLC. (*See, e.g.,* Docs. 1, 13). Accordingly, the Court will refer to the Defendant as Trans Union in this Opinion and Order.

[2] The copy of the Complaint filed as Doc. 4 is missing a page, so the Court cites to the Complaint attached to the Notice of Removal.

gone with no response from Collins. Accordingly, for the reasons set out briefly below, the Court **GRANTS** Trans Union's Motion (Doc. 13).

## BACKGROUND

Collins alleges that he contacted Trans Union about certain claimed inaccuracies in his credit file on several occasions, but his claim was sent to a "special handling department" that could not offer any remedy. (Doc. 1-2, #9). As a result, Collins claims he suffered "financial harm, emotional distress, and damage to his business and personal credit." (*Id.* at #11). Collins specifically asserted two claims: (1) Trans Union violated 15 U.S.C. § 1681e(b) of the FRCA by failing to maintain accurate information in Collins' credit report, and (2) it failed to investigate and correct that inaccurate information as 15 U.S.C. § 1681(i) requires. (*Id.* at #15–17).

On September 5, 2025, Trans Union moved for summary judgment. (Doc. 13). Along with the Motion, Trans Union filed a Notice alerting Collins that Defendant's "motion may be granted and your claims may be dismissed without further notice if you do not oppose the motion by filing an opposition brief … You must file your opposition brief with the Clerk of the Court and serve a copy to defendant's counsel WITHIN 21 DAYS." (Doc. 13-2, #237).

Once the twenty-one days for Collins to respond passed, Magistrate Judge Bowman issued a show cause order for Collins to either respond to Trans Union's Motion or to show cause why the Motion should not be treated as unopposed. (Doc. 14). After the additional twenty-one days passed, Collins still had not responded or

filed any other document. So, on November 4, 2025, Trans Union filed a Notice of Plaintiff's Non-Opposition (Doc. 15). The matter is thus ripe for review.

## LEGAL STANDARD AND ANALYSIS

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). Once the movant presents evidence that meets its burden, the nonmoving party may not rest on its pleadings but must come forward with significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element upon which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Because the moving party bears the initial burden, even if the nonmoving party "offer[s] no timely response to [a] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979). That said, "[w]hen a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011)

(citing *Celotex*, 477 U.S. at 322–23). And if the nonmovant fails to point out a question of fact, "reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). At bottom, if the nonmoving party "neglect[s] to respond to [the moving party's] motion for summary judgment," the nonmoving party "forfeit[s] any objection" that it otherwise may have made "to the motion." *Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 348 (6th Cir. 2015).

In its Motion, Trans Union argues it is entitled to summary judgment because Collins did not respond to discovery, including Requests for Admissions, and Collins has otherwise failed to prosecute this case. (Doc. 13, #215). The Court agrees with Trans Union that Collins has failed to offer any proof in support of his claims, and by failing to respond to the Requests for Admission, he has effectively admitted defeat. Thus the Court need not, and does not, reach the issue of failure to prosecute.

When a party does not respond to a request for admission, the matter is admitted and thus "conclusively established." Fed. R. Civ. P. 36(b). And "matters deemed admitted from a failure to respond to requests for admissions can serve as a basis for granting summary judgment." *CSX Transp., Inc. v. Stevenson*, No. 1:15-cv-376, 2017 WL 1968384, at *3 (S.D. Ohio Mar. 15, 2017) (citation omitted); *see also Goodson v. Brennan*, 688 F. App'x 372, 376 (6th Cir. 2017) (holding such admissions cannot later be overcome by other contradicting evidence). Here, Trans Union served a set of requests for admission on Collins on January 15, 2025, by both certified mail and email. (Doc. 13-1, #229; Statement of Undisputed Facts, Doc. 13-3, #248). Collins'

4

response was due February 14, 2025, but Collins never answered the requests. (Doc. 13-3, #248). Therefore, Collins has conclusively admitted them.

True, Trans Union tries to carry that a little too far. Trans Union points to how Collins admitted, for example, that he "does not have any state or common law claims against Trans Union" and that "Trans Union has not violated any provision of the FCRA with respect to [Collins]." (Doc. 13-1, #229–30; Doc. 13-3, #248). The problem for Trans Union, though, is that purely legal conclusions are not appropriate admissions under Rule 36, and admissions that "target[] the ultimate legal issue in the case" are too close to that prohibition. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). So these admissions do not doom Collins' case.

That said, other factual admissions do. By failing to respond, Collins admitted that "Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to [Collins]," and that "Trans Union never furnished inaccurate information about Plaintiff in a credit report to any third party." (Doc. 13-3, #248). Those admissions foreclose Count One, which alleges Trans Union failed to ensure the accuracy of his credit report as required by 15 U.S.C. § 1681e(b). (Doc. 1-2, #15–17).

For Count Two, regarding Trans Union's alleged failure to investigate and correct inaccurate information, (*id.* at #17), Collins admitted "Trans Union's reinvestigations of Plaintiff's disputes regarding the information Trans Union reported with respect to Plaintiff were reasonable." (Doc. 13-3, #248). These,

alongside the other admissions, are sufficient to support Trans Union's Motion for Summary Judgment.

In sum, Trans Union's Motion has been "properly made and supported," while Collins has "fail[ed] to respond with a showing sufficient to establish an essential element of [his] case." *Stansberry*, 651 F.3d at 486. Therefore, Trans Union has met its burden of showing the absence of a genuine issue of material fact as to either count, entitling Trans Union to summary judgment. *See PNC Equip. Fin., LLC v. Rose*, No. 1:13-cv-471, 2015 WL 12532122, at *1 (S.D. Ohio Feb. 2, 2015).

For these reasons, the Court **GRANTS** Trans Union LLC's Motion for Summary Judgment (Doc. 13). Accordingly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

November 12, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**